IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EDWARD LYNN MOSKOP,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**   **Civil Case No. No. 15-01036-DRH**
**Criminal Case No. 11-cr-30077-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on petitioner Edward Lynn Moskop's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Under Rule 4(b) of the RULES GOVERNING § 2255 PROCEEDINGS, a judge receiving a § 2255 motion must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of Moskop's motion shows that it must be dismissed.

Moskop was convicted of mail fraud and money laundering and sentenced to 240 months' imprisonment. Final judgment was entered by this Court on December 16, 2011 (Criminal Case Doc. 42). On direct appeal, petitioner asserted that this Court failed to address petitioner's arguments in mitigation in imposing an above range sentence, and consequently, imposed an unreasonable prison sentence. On January 8, 2013, the Seventh Circuit affirmed this Court's judgment.

*See United States v. Moskop,* 499 F.App'x 592 (7th Cir. 2013). Moskop did not file a petition for writ of certiorari. Consequently, his judgment became final on April 8, 2013.

On April 24, 2014, Moskop filed his initial § 2255 petition (3:14-cv-502-DRH Doc. 1).[1] A post-conviction petition for relief pursuant to § 2255 is subject to a one-year time limitation that runs generally from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 ¶ 6(1). Accordingly, Moskop's petition, which was due on April 8, 2014, was approximately two weeks late.[2] On May 1, 2014, the Court dismissed Moskop's petition as untimely (3:14-cv-502-DRH Doc. 2).[3] Judgment was entered that same day (Doc. 3).

Moskop did not appeal. Instead, on September 9, 2015, Moskop filed the present § 2255 petition (Doc. 1).[4] In the present petition, Moskop asserts various ineffective assistance of counsel claims. Moskop further asserts his counsel's alleged misconduct amounts to newly discovered evidence and entitles him to equitable tolling.

---

[1] In finding that the petition was filed on April 24, 2014, the Court applied the so-called "prison mailbox" rule (3:14-cv-502 Doc. 2 p.2n.1).

[2] "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States,* 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). *See* Supreme Court Rule 13 ("a petition for writ of certiorari to review a judgment in any case, civil or criminal, . . . , is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

[3] The Court notes that after Moskop's petition was dismissed as untimely, the U.S. Department of Justice filed a notice with the Court (Doc. 4). The notice advised the Court that Moskop had no access to communications [as he was being transferred between institutions] from April 24, 2014 through May 2, 2014. The notice asked the Court to "allow Mr. Moskop['s] appeal to be reconsidered as Mr. Moskop had no control of his being transferred between Federal Institutions." As noted above, the Court deemed Mr. Moskop's filing date to be April 24, 2014. Thus, the petitioner's transfer did not cause any issue with regard to the timeliness of the petition. Moreover, the petition was due on April 8, 2014. There is no indication that the petitioner was otherwise denied access to communication which prevented him from meeting the April 8, 2014 deadline.

[4] In finding that the petition was filed on September 9, 2015, the Court is applying the so-called "prison mailbox" rule (Doc. 1 p. 5) (containing a signature date of September 9, 2015).

Title 28 U.S.C. § 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals...." Section 2244 further provides that "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A habeas petition is deemed successive if the previous motion was denied on the merits. A dismissal that is based on the statute of limitations is an adjudication of the merits of the claim. *See Guyton v. United States,* 23 Fed. Appx. 539, 540 (7th Cir. 2001) (unpublished) (dismissal of a habeas petition "because the district court determined, albeit erroneously, that it was not filed within the applicable statute of limitations ... operates to dispose of the case on the merits as much as an erroneous finding that a petitioner had failed to state an element of a claim."), *See also* Fed. R. Civ. P. 41(b); *cf. In re Page,* 179 F.3d 1024 (7th Cir. 1999).

As discussed above, Moskop's initial § 2255 petition was denied on statute of limitations grounds. Accordingly, the present petition is a second or successive § 2255 petition. Notwithstanding claims of newly discovered evidence, or the availability of equitable tolling, such a motion cannot be filed in this Court unless Moskop has first obtained permission from the Seventh Circuit Court of Appeals. The record does not reflect that Moskop has sought the requisite permission. Accordingly, this Court is without jurisdiction to entertain the petition.

On this basis, Moskop's motion is **DISMISSED for lack of jurisdiction**. *See United States v. Carraway,* 478 F.3d 845, 849 (7th Cir. 2007); 28 U.S.C. § 2244.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 485 (2000).

Reasonable jurists would not debate that this petition is a successive collateral attack brought without the required pre-authorization. Therefore, the Court shall not issue a certificate of appealability.

## CONCLUSION

For the aforementioned reasons, petitioner Moskop's 28 U.S.C. § 2255 petition is **DISMISSED for lack of jurisdiction**. If Moskop intends to pursue his

claims, he must seek permission from the Seventh Circuit. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

Signed this 3rd day of November, 2015

Digitally signed by Judge David R. Herndon
Date: 2015.11.03 14:37:39 -06'00'

**U.S. District Judge**